PER CURIAM.
This disciplinary proceeding by The Florida Bar against Stuart L. Stein, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b), the referee’s report and record were duly filed with this Court. No petition for review pursuant to Florida Bar Integration Rule, article XI, Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found:
1. The Respondent, Stuart L. Stein, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On or about September 12, 1983 Mrs. Anna Jaworsky retained Respondent to represent her in an appeal of a zoning matter to the City of Fort Lauder-dale Board of Adjustment.
3. Mrs. Jaworsky paid Respondent $1,000 for his legal services.
4. On September 13, 1983, Respondent appeared on Mrs. Jaworsky’s behalf at a meeting of the City of Fort Lauder-dale Board of Adjustment and requested a continuance for one month until the Board’s next meeting.
5. The Respondent failed to follow up on the matter and did absolutely nothing on behalf of Mrs. Jaworsky until after it came to his attention that the meeting had been held on October 11, 1983.
6. At the October 11, 1983 hearing of the Board of Adjustment, no one appeared on behalf of Mrs. Jaworsky and Mrs. Jaworsky’s petition was denied and she was subsequently assessed penalties that were eventually reduced to the amount of $2,800.00.
7. Mrs. Jaworsky paid Respondent fees in the amount of $1,000.00.
8. ... the Respondent neglected Mrs. Jaworsky’s case and due to Respondent’s neglect Mrs. Jaworsky had to pay penalties to the City of Fort Lauderdale in the amount of $2,800.00_
9. ... the Respondent did riot charge and collect a clearly excessive fee in light of his neglect. However, I do not feel the fee was reasonable.
The referee recommends that respondent be found guilty of violation of Florida Code or Professional Responsibility, Disciplinary Rule 6-101(A)(3), receive a public reprimand and be placed on probation for a period of three (3) years pursuant to Florida Bar Integration Rule, article XI, Rules 11.10(1) and (3) with the following conditions:
1. A supervising attorney should be appointed by The Florida Bar to supervise Respondent’s work;
2. Respondent shall submit quarterly status reports to The Florida Bar as to the status of all pending cases with a copy also being submitted to the appointed supervising attorney; and
3. Respondent shall make restitution to Mrs. Jaworsky in the total amount of $3,300.00 and to William R. Leonard, Esquire in the amount of $500.00.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, the Referee’s Findings of Fact are deemed conclusive and his recommended discipline is hereby imposed pursuant to Florida Bar Integration Rule, article XI, Rule 11.09(f).
*1235 Judgment for costs in the amount of $2,170.70 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.