567 So.2d 1377 (1990)
THE FLORIDA BAR, Complainant,
v.
John E. KIRKPATRICK, Respondent.
No. 74051.
Supreme Court of Florida.
October 4, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Gregory P. Borgognoni of Tew, Jorden & Schulte, Miami, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar. The Florida Bar and the respondent, John E. Kirkpatrick, have petitioned this Court to review the referee's report in which the referee recommended that the respondent be privately reprimanded. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following findings of fact:
1. That on or about March 2, 1987, the Respondent was arrested for resisting arrest without violence in violation of Florida Statute 843.02 and no valid tag in violation of Florida Statute 320.07(3)(b).
2. That Respondent was issued a notice to appear in Court on April 6, 1987 for the arraignment.
3. That such notice as heretofore mentioned in paragraph 2, was mailed by regular mail to the address Respondent provided to the arresting officer.
4. That Respondent left the address of 777 Brickell Avenue with the arresting officer.
5. That Respondent failed to appear at the scheduled hearing on April 6, 1987.
6. That a bench warrant was issued by Judge Gerald J. Klein, as a result of Respondent's failure to appear on April 6, 1987.
7. That on May 13, 1987, Respondent appeared in Court, had the April 6, 1987 bench warrant set aside and pled not guilty to the charges.
8. That on June 11, 1987 Respondent pled no contest to the charges and was placed in the Advocate Program.
9. That on June 11, 1987 Respondent's request for a Stay of Execution to pay Court costs was granted until June 18, 1987.
10. That a Notice to Appear before the County Court on July 23, 1987 was mailed to the Respondent as a result of his failure to pay the Court costs in compliance with the Stay of Execution referred to in paragraph 9.
11. That such notice was mailed by regular mail to the address left with the Court.
12. That Respondent left the address of 1869 Brickell Avenue, with the Court as indicated on the Request for Stay of Execution.
13. That Respondent failed to appear at the scheduled hearing on July 23, 1987 as heretofore mentioned in paragraph 11.

*1378 14. That a bench warrant was issued by Judge Gerald J. Klein as a result of Respondent's failure to appear on July 23, 1987.
15. That Respondent failed to comply with the requirements of the Advocate Program by failing to attend all classes.
16. That Respondent failed to comply with the requirements of the Advocate Program by failing to pay the balance of his fee of one hundred fifty-five dollars ($155.00).
17. That as a result of Respondent's failure to comply with the requirements of the plea negotiation, Respondent was issued a notice to appear in Court on November 16, 1987.
18. That such notice was mailed by regular mail to the address Respondent left with the Advocate Program.
19. That Respondent left the address of 1865 Brickell Avenue with the Advocate Program on June 17, 1987.
20. That Respondent failed to appear at the scheduled hearing on November 16, 1987.
21. That a bench warrant was issued by Judge Gerald J. Klein as a result of Respondent's failure to appear on November 16, 1987.
22. That on November 3, 1988, subsequent to the Grievance Committee hearing Respondent had the July 23, 1987 and November 16, 1987 bench warrants set aside.
23. That on November 3, 1988, Respondent advised the County Court of a change of address to 701 Brickell Avenue.
24. That on November 21, 1988, Respondent was given thirty days to complete probation.
25. That on December 21, 1988 the Court at the request of the Respondent extended his time to complete probation for one more month.
26. That as of the date of the last hearing (November 9, 1989) [and] extension, the terms of probation have been fulfilled by the Respondent.
The referee found that respondent violated rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and rule 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists) of the Rules Regulating The Florida Bar.
In his brief to this Court, the respondent disputes the referee's conclusion that he violated the rules of professional conduct. Our review of the record shows the referee's findings of fact to be supported by competent, substantial evidence and we therefore approve them. The Fla. Bar v. McKenzie, 557 So.2d 31 (Fla. 1990). We also conclude that these findings of fact support the referee's recommendation that respondent be found guilty of the alleged rule violations. As the referee noted in his report:
[The respondent's] indifference and lack of attentiveness to the matter at hand [were] apparent. He took no responsibility for actions and occurrences which clearly were his own. In fact, he did not recognize that the privilege of being an attorney should have caused him, more than a lay person, to show respect and deference to the judicial system. Despite the fact that the Bar filed its complaint in April of 1989 which was preceded by Grievance Committee action and this matter has been pending before this Referee since my appointment in May of 1989, Respondent has just recently fulfilled his responsibilities in reference to his June 11, 1987 Advocate Program obligation... .
Mr. Kirkpatrick's ensuing conduct, causing the issuance of three bench warrants is very significant. All mailings were sent by the Court and the Advocate Program to the precise addresses provided to them by the Respondent. Nonetheless, Mr. Kirkpatrick steadfastly asserts that he received no notice "because of moving." Clearly, the Court and the Advocate Program fulfilled their responsibilities.
(Emphasis in original.) We agree with the referee's recommendation of guilt.
Next, we turn to the referee's recommendation of a private reprimand for the conduct at issue. After reviewing the *1379 record and the referee's report, we agree with the Bar that a public reprimand is the appropriate discipline in this case. In The Florida Bar v. Welty, 382 So.2d 1220, 1223 (Fla. 1980), we pointed out that:

Public reprimand should be reserved for such instances as isolated instances of neglect; or technical violations of trust accounting rules without willful intent; or lapses of judgment.
(Citations omitted; emphasis added.) A private reprimand is the appropriate disciplinary sanction when the misconduct can be categorized as minor misconduct. See rule 3-5.1(b), Rules Regulating The Florida Bar. In other words, a private reprimand is the appropriate sanction only for the most insignificant of offenses.
In the present case, the referee found, in sum, that respondent was arrested, failed to appear in court on several occasions causing the issuance of three bench warrants and did not complete his probationary obligations until just prior to the final hearing before the referee. The gravity of respondent's conduct is greater than that traditionally warranting only a private reprimand. As the referee noted in his report, "Mr. Kirkpatrick's indifference of the legal system began with his encounter with the police officer at the time of his arrest, and continued with his disobeyance of Judge Klein." Such insouciance by an officer of the court to the very system which he has sworn to uphold warrants no less than a public reprimand under the present circumstances.
Kirkpatrick is to appear before the board of governors of The Florida Bar at a time set by the board for the administering of the reprimand. Judgment for costs in the amount of $1,127.00 is entered in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.