PER CURIAM.
A referee recommended that this Court privately reprimand the respondent, T. Michael Price, a member of The Florida Bar, for his negligent handling of a bankruptcy case. The Florida Bar argues that respondent’s actions warrant a public reprimand. We agree with The Florida Bar.*
Reynold and Janice Hand were experiencing financial difficulties and, in or around 1985, a mortgage on their home was being foreclosed. Reynold’s brother, attorney Michael Hand, suggested they file chapter 13 bankruptcy, and he made an appointment for his brother to meet with respondent. At a meeting one or two days before the foreclosure sale, respondent assured the couple they could redeem their house even if the bankruptcy petition were to be filed after the foreclosure sale. The Hands retained respondent and agreed to deliver a check to him the next day. Janice delivered a $640 check to respondent at some undetermined time on June 6, the day of the foreclosure sale. The bankruptcy petition was filed after the house was sold.
The bankruptcy court issued an automatic stay of action, but the second mortgagee filed a motion seeking relief from the stay. At a hearing, the court asked counsel to provide memoranda on their respective positions regarding the effect of the bankruptcy code on the equity of redemption under a real estate mortgage foreclosure, and also asked for comment on a particular published opinion related to that issue. The mortgagee filed a memorandum with the court, but respondent did not. The court ruled in favor of the mortgagee and entered an order lifting the stay of action. Respondent advised the Hands they would lose their house, but they could appeal. Respondent offered to handle the appeal for $855.
The bankruptcy court held a confirmation hearing on the bankruptcy plan. Respondent attended, but the Hands did not, saying they had not been told the hearing was scheduled until after it had taken place. At that hearing the court advised respondent that two options remained: either dismissal or conversion to chapter 7. Respondent elected to dismiss the chapter 13 action without the prior knowledge or consent of his clients. He testified that he did not later advise his clients of the dismissal, believing the court’s normal procedure required the clerk to send the Hands a copy of the order. At his brother’s request, Michael Hand dismissed the respondent and took over the case. He filed an appeal, but it proved unsuccessful.
The referee found that respondent committed the following acts of misconduct: (1) He elected to dismiss the chapter 13 action without the prior knowledge or consent of his clients; (2) he failed to advise his clients that their chapter 13 action had been dismissed; and (3) he failed to consult with his clients prior to dismissing the chapter 13 action. Consequently, the referee recommended that respondent be found guilty of violating three of the former Disciplinary Rules of the Code of Professional Responsibility: DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR 6 — 101(A)(3) (neglecting a legal matter entrusted to him); and DR 7-101(A)(1) (failing to seek the lawful objectives of his clients through reasonably available means). As to punishment, the referee made the following written recommendation:
It is my recommendation that the respondent receive a private reprimand with the direction that hereafter he should consult with his clients before taking any significant action in their behalf, and should take affirmative steps to see that they are informed with respect to any judicial events irrespective of customary acts by others such as court clerks.
I make this recommendation because the respondent has apparently managed to avoid disciplinary action in the past, and because I believe that his conduct only resulted in an inconvenience and annoyance to his clients. This Referee is also mindful that these events occurred approximately five (5) years ago. In my *1263 estimation, a letter of reprimand should point out to Mr. Price that loose behavior such as that described in these proceedings will not hereafter be tolerated.
(Citations omitted.)
The Florida Bar agrees with the recommendation of guilt, but it contests the recommendation of punishment, asserting that a public reprimand is warranted. Respondent did not file a brief with this Court.
We approve the referee’s recommended findings of guilt, which are supported by substantial competent evidence in the record. However, we cannot accept the referee’s recommendation that we impose a private reprimand. Decisions of this Court have established that “[pjublic reprimand is an appropriate discipline for isolated instances of neglect or lapses of judgment.” The Fla. Bar v. Orr, 504 So.2d 753, 756 (Fla.1987) (citing The Fla. Bar v. Welty, 382 So.2d 1220 (Fla.1980)); see also The Fla. Bar v. Kirkpatrick, 567 So.2d 1377 (Fla.1990). “[Pjrivate reprimand is the appropriate disciplinary sanction when the misconduct can be categorized as minor misconduct. In other words, a private reprimand is the appropriate sanction only for the most insignificant of offenses.” Kirkpatrick, 567 So.2d at 1379 (citations omitted).
We agree with The Florida Bar that respondent’s misconduct is not minor or insignificant. Respondent failed to consult his clients about dismissing their bankruptcy action, then he dismissed the action without their knowledge or consent, and he failed to tell them what he had done. These acts and omissions warrant a public reprimand under the circumstances of this case. Cf., e.g., The Fla. Bar v. Stein, 484 So.2d 1233 (Fla.1986) (attorney publicly reprimanded and put on three years’ probation for neglecting a legal matter entrusted to him).
Accordingly, respondent is to appear before the Board of Governors of The Florida Bar to receive a public reprimand at a time and place to be set by the Board. Judgment for costs in the amount of $1,479.95 is entered in favor of The Florida Bar, for which sum let execution issue,
It is so or(jere(j
SHAW, C.J., and OVERTON, McDonald, ehrlioh, barkett, GRIMES and KOGAN, JJ., concur.

 We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.