PER CURIAM.
Patrick H. Weidenbenner petitions this Court for review of the referee’s recommendation of a public reprimand in this Florida Bar disciplinary proceeding. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee’s recommendation and, by this opinion, publicly reprimand Weidenbenner.
This disciplinary action stems from a complaint filed with the Bar following an unsuccessful will contest and involves two separate documents involving the estate of Willard Utley, who was an elderly Florida lawyer at the time of his death. The first document is a joint trust agreement in which Utley and his wife, Eva, were the joint settlors. The second document is the Last Will and Testament of Willard Utley. The record reflects the following sequence of events.
In 1979, at the request of Willard Utley, Weidenbenner participated in the preparation of the joint trust agreement for Utley and his wife. Weidenbenner and the First National Bank in Palm Beach, Florida, were named as co-trustees. Article two of the trust agreement provided for distribution of the trust assets upon the death of the last survivor of Willard and Eva, subject to the provisions of article four. Article four provided that, upon the written request of the personal representative of the estate of either Willard or Eva, the trust was to expend the amount necessary to pay the decedent’s debts, funeral expenses, estate taxes or inheritance taxes, and administrative expenses before distribution under article two. Article two contained nine tiers of distribution, under which Weidenbenner and his children were the potential beneficiaries of $26,000.
In February of 1981, Eva Utley died.
In June of 1981, again at Willard Utley’s request, Weidenbenner participated in the preparation of Willard’s Last Will and Testament, under which Weidenbenner and his children were to receive, among other things, $25,000. Anything Weidenbenner received under the trust, however, would be deducted from the amount he was to receive under the will. Weidenbenner was also named successor personal representative in the will.
On March 17, 1988, Willard Utley died.
On March 23, 1988, letters of administration were issued to Weidenbenner as personal representative of Willard’s estate under the will. On that same date, Willard Utley’s nephew contested the will by filing a caveat.
On March 24, 1988, Weidenbenner mailed certified copies of the letters of administration to the First National Bank.
On March 25, 1988, the court revoked the letters of administration because of the caveat challenging the will, and Weidenbenner was subsequently served with a copy of an order revoking the letters. Weidenbenner, however, failed to notify the bank that the letters of administration issued to him had been revoked.
On June 21, 1988, Weidenbenner met with bank representatives and discussed the distribution of the trust assets under the trust, which required distribution of all of the as *536 sets after the deaths of both Willard and Eva.
On June 23, 1988, the bank prepared a letter to Weidenbenner to authorize the final distribution of the trust assets. That letter, which subsequently became the critical document in this disciplinary proceeding, read as follows:
Based on the discussion of the above referenced trust during our meeting on Tuesday, June 21, 1988, it is our understanding that we agreed on the following procedures:
1) The Bank will take its final fee;
2) The final 1041 will be prepared by the Bank’s Tax Department and all taxes will be paid from the Trust;
3) A distribution schedule will be prepared by us, showing the amounts to be paid to the various beneficiaries in descending order as far as funds will go;
4) The Estate of Willard Utley will not claim any reimbursement from the Trust for debts, costs, or taxes.
To indicate your concurrence that the above items were agreed upon, please sign and return the enclosed copy of this letter for our files.
Weidenbenner approved the letter by signing it as requested. Because of Weidenbenner’s approval, the trust assets were distributed, from which Weidenbenner received $5,000.
The crux of this disciplinary action is that Weidenbenner should not have approved the letter because, although he was still a co-trustee under the trust, he was no longer the personal representative of the estate. Consequently, he had no authority to assert, as indicated by item 4) of the letter, that the estate would not make any claim for reimbursement from the trust for debts, costs, or taxes. Weidenbenner’s representation to the bank is significant because, had the estate made a demand on the trust for payment of debts, costs, and taxes, the trust assets would have been exhausted and Weidenbenner would not have received the $5,000 distribution from the trust. As previously noted, however, any amount Weidenbenner was to receive under the will would have to be reduced by the $5,000 he received from the trust.[1]
The court subsequently determined that Utley’s will was valid. Soon after that determination, the attorney for Utley’s nephew filed this complaint against Weidenbenner. In pursuing this action, the Bar maintained before the referee that Weidenbenner should receive a public reprimand or a short term suspension for his: (1) failure to advise the bank that the letters of administration had been revoked; (2) representation to the bank that the estate would make no demand on the trust for payment of costs; and (3) approval of the letter authorizing distribution of the trust assets.
The referee found Weidenbenner guilty of misrepresentation in violation of Florida Rules Regulating The Florida Bar 3-4.2 (violation of rules governing the Bar), 3-4.3 (acts unlawful or contrary to honesty and justice), 4 — 4.1(a) (a lawyer shall not knowingly make a false statement of material- fact), 4-8.4(a)(a lawyer shall not violate the Rules of Professional Conduct), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). As discipline, the referee recommended that Weid-enbenner receive a public reprimand and be taxed costs in the amount of $1,456.82. In making these recommendations, the referee noted that Weidenbenner had been a member of the Bar since 1972 and had no prior disciplinary convictions.
Weidenbenner contends that the referee erred in finding him guilty of misrepresentation and dishonesty, fraud, and deceit because the referee made no finding to show that the conduct was intentional. We find that we must agree with Weidenbenner’s contention because there is insufficient evidence in the record to show that he intentionally misrepresented his position to the bank or acted dishonestly under the facts of this case. The letter on which this action is based was prepared by the bank’s trust department with regard to the distribution of the assets of the trust. Further, at the time *537 Weidenbenner approved the letter he was still a trustee of the trust and the letter was prepared for his signature as trustee and not as personal representative of the estate. Obviously, item 4) of the letter was included to ensure that the trust distribution could be finalized. Moreover, Weidenbenner received no financial benefit from this distribution given the offset provision in the will, which was subsequently determined to be valid.
Nevertheless, although we find insufficient evidence to establish that Weidenbenner intentionally misrepresented his position to the bank, we do find that he was grossly negligent in faffing to notify the bank of his change of status. Great potential for conflict exists in cases such as this one where a lawyer assists another lawyer in the preparation of a will or trust under which the lawyer is a beneficiary, even if the assistance is given merely in an advisory capacity.[2] Consequently, Weidenbenner was under a duty to use the utmost diligence in carrying out his duties in his representative estate and trust capacities. Even so, Weidenbenner argues that a private reprimand is more appropriate than a public reprimand under the circumstances. We disagree. Rule 4H.3 requires that a lawyer act with reasonable diligence and promptness in representing a client. Further, rule 4r-lA requires that a lawyer keep a client reasonably informed about the status of a matter and explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation. On the facts of this case, we conclude that Weidenbenner failed to comply with these rules and, as such, that his conduct warrants a public reprimand. See, e.g., The Fla. Bar v. Orr, 504 So.2d 753 (Fla.1987) (public reprimand is an appropriate discipline for isolated instances of neglect or lapses of judgment). In issuing this reprimand, we note that, had we found Weidenbenner’s conduct to have been intentional, more than a public reprimand would likely have been warranted.
Accordingly, by the issuance of this opinion, we publicly reprimand Patrick H. Weid-enbenner. Judgment for costs in the amount of $1,456.82 is entered against Weidenbenner in favor of the Bar, for which sum let execution issue.
It is so ordered.
BARRETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. In fact, Weidenbenner eventually received $20,000 under the will, that amount being the $25,000 bequeathed to him under the will, less the $5,000 he received from the trust.

. Under Ae current Rules Regulating The Florida Bar, Weidenbenner would have been prohibited from preparing for a non-family member any instrument under which he would receive a substantial gift. See rule 4-1.8(c). This rule, however, was not in effect at the time the instruments in issue were prepared.