638 So.2d 29 (1994)
THE FLORIDA BAR, Complainant,
v.
Malcolm ANDERSON, Respondent.
No. 80764.
Supreme Court of Florida.
April 28, 1994.
Rehearing Denied June 9, 1994.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, and Luain T. Hensel, Bar Counsel, Fort Lauderdale, for complainant.
Louis M. Silber, West Palm Beach, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for respondent.
PER CURIAM.
We have for review a referee's finding that Malcolm Anderson, an attorney, drafted various testamentary instruments that named himself or a relative as beneficiary, in violation of Rule Regulating the Florida Bar 4-1.8(c). The referee recommended that Anderson receive a public reprimand and be placed on probation for six months to one year. The Florida Bar has requested our review and seeks a ninety-one day suspension. We have jurisdiction. Art. V, § 15, Fla. Const.
In October 1988, Anderson undertook the representation of Mary Sisler. Between that time and Sisler's death two years later, he prepared nine testamentary instruments, six of which named him or his wife as beneficiaries of Sisler's estate. After finding that Anderson violated rules 3-4.2, 4-1.2(e), and 4-1.8(c), the referee also found as follows:
1) Anderson did not intend that either he or his wife benefit from the bequests.
2) Anderson was attempting, however inartfully, to effectuate Sisler's intent to shield the bequests from the creditors of the Palm Beach Festival, her intended beneficiary.
3) Anderson received no real benefit from any instrument he drafted for Sisler.
4) No real injury resulted from Anderson's actions.
5) Potential injury to the legal system or legal profession was reasonably foreseeable.
*30 The referee noted that Anderson is sixty-eight years old, appeared honest, remorseful, and apologetic concerning the complaint, and had no prior disciplinary record in his twenty-seven years of practice.
No cases alleging this sort of conduct have arisen since rule 4-1.8(c) was promulgated in 1987. Rule 4-1.8(c) states that "[a] lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee." The rule is clear about the conduct that is prohibited. Unlike the similar aspirational provision under Ethical Considerations of the prior code, this prohibition is express and mandatory. Cf. Fla.Bar Code Prof.Resp., E.C. 5-5. Because of this difference, our prior opinions reprimanding attorneys for engaging in this conduct do not dissuade us from imposing a suspension in this case. See, e.g., The Florida Bar v. Weidenbenner, 630 So.2d 534 (Fla. 1993); The Florida Bar v. Miller, 555 So.2d 854 (Fla. 1990).
We approve the referee's findings of fact, but we impose a suspension of ninety days. Based on the finding of Anderson's lack of intent to benefit under the instruments he drafted and the fact that he was attempting to give effect to the testator's intent, we feel that a ninety day suspension is appropriate.
Accordingly, Anderson is suspended from the practice of law for ninety days. The suspension will be effective thirty days from the filing of this opinion so that Anderson can close out his practice and protect the interests of his existing clients. If Anderson notifies this Court that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Anderson shall provide notice to his clients of this suspension and shall accept no new business during the period of his suspension. Judgment for costs in the amount of $7,257.60 is entered against Anderson, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.