PER CURIAM.
We have for review a referee’s report recommending that attorney Gary A. Poe be disbarred for violating certain of the Rules Regulating The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the referee’s recommendation.
I.FACTS
The Florida Bar filed three complaints against Poe (case numbers SC94768, SC95692, and SC96032), which the referee consolidated, but at the final hearing the Bar abandoned two of the complaints "with prejudice (case numbers SC95692 and SC96032),[1] and went forward on only the one remaining case (case number SC94768). As to that case, the referee made the following factual findings in his report:
1. In September or October, 1996, Jack Sewall retained [Poe] to prepare his will.
2. [Poe] prepared Mr. Sewall’s will and Mr. Sewall executed the will on October 31,1996.
3. In Mr. Sewall’s will, [Poe] named himself as a beneficiary in the amount of $15,000.00 and named himself as the personal representative of Mr. Sewall’s estate. [Poe] was and is not a relative of Mr. Sewall and there was no mention in the will that [Poe] was a trustee.
4. Mr. Sewall suffered from acute mental health problems at this time and had made [Poe] aware of his contemplated suicide before making his will.
5. Despite [Poe’s] evidence and testimony that he prepared and executed a renunciation, I do not find this document to be of any value. First, it was not well done, nor particularly impressive that [Poe] himself drafted and executed such a poor device. It still left Mr. Sewall, [Poe’s] former client, with a will that did not dispose of his assets- as he wished.
Based on these facts, the referee recommended finding Poe guilty of -violating rules 4-1.1 (“A lawyer shall provide competent representation to a client”) and 4r-1.8(c) (“A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee”). As to discipline, the referee recommended that Poe be disbarred and pay the Bar’s costs,. stating that “[g]iven the nature of this case and the relationship between [Poe] and his former client [i.e., they were close friends] that lent itself to a violation of two of the most necessary elements of lawyering as a profession, it is my opinion that nothing less than disbarment is warranted here.” The referee “also noted in aggravation [Poe’s] lengthy disciplinary history,” which the referee set forth as follows: Florida Bar v. Poe, 717 So.2d 540 (Fla.1998) (six-month suspension for representing clients with conflicting interests); Florida Bar v. Poe, No. 82,205 (Fla. Nov. 3, 1994) (admonishment for neglect and inadequate communication); Florida Bar v. Poe, TFB Case No. 90- *1166 30,829(05A) (admonishment for minor misconduct for revealing confidential client information and engaging in conduct that was prejudicial to the administration of justice); Florida Bar v. Poe, TFB Case No. 86-16,176(05A) (private reprimand for neglect); and Florida Bar v. Poe, 456 So.2d 892 (Fla.1984) (public reprimand for trust account record keeping violations, incompetent representation, neglect, and misrepresentation). The referee made no findings regarding mitigation.
II. ANALYSIS
Poe petitioned this Court for review, urging that the referee’s recommendation of disbarment is not supported by the evidence, the standards, or caselaw, and that at most he should be suspended for one or two years, concurrent with his 1998 six-month suspension. The Bar counters that disbarment is appropriate given the facts of the case and Poe’s extensive prior disciplinary history.[2]
We agree with the Bar, find the recommended discipline to be reasonably supported by existing standards and case-law, and approve the referee’s report. See generally Fla. Stds. Imposing Law. Sanes. 4.31(a) (disbarment generally appropriate when lawyer engages in representation of a client knowing that the lawyer’s interests are adverse to the client’s with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to the client), 4-5.1 (disbarment generally appropriate when a lawyer’s course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines of procedures, and the lawyer’s conduct causes injury or potential injury to a client), and 8.1(b) (disbarment generally appropriate when lawyer has been suspended for same or similar misconduct and intentionally engages in further similar acts of misconduct); see also Florida Bar v. Bern, 425 So.2d, 526, 528 (Fla.1982) (in rendering discipline, this Court considers previous disciplinary history and increases the discipline where appropriate, dealing more harshly with cumulative misconduct than with isolated misconduct, with cumulative misconduct of a similar nature warranting an even more severe discipline than might dissimilar, conduct); cf. Florida Bar v. Anderson, 638 So.2d 29 (Fla.1994) (ninety-day suspension for drafting various testamentary instruments for a client that named himself or a relative as a beneficiary where attorney was “sixty-eight years old, appeared honest, remorseful, and apologetic concerning the complaint, and had no prior disciplinary record in his twenty-seven years of practice”).
III. CONCLUSION
Gary A. Poe is hereby disbarred without leave to apply for readmission to The Florida Bar for five years effectively immediately. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Gary A. Poe in the amount of $2,672.26, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE and QUINCE, JJ„ concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which LEWIS, J., concurs.

. We approve the referee’s recommendation that case numbers SC95692 and SC96032 be dismissed with prejudice.

. Neither party challenges the referee's factual findings and guilt recommendations, which we approve without discussion.