**In re Philip F. FILOSA, Respondent.**

**Misc. Business No. 09–10231–NMG.**

United States District Court, D. Massachusetts.

Nov. 9, 2009.

Philip F. Filosa, Blais & Parent, Mansfield, pro se.

### MEMORANDUM & ORDER

GORTON, District Judge.

This action arises out of alleged misconduct by Attorney Respondent Philip Filosa ("Filosa"). In 2002, Filosa drafted a testamentary instrument for a good friend which left Filosa a bequest of $154,475.

Although Filosa advised the testator to contact another attorney, she chose not to do so. The two agreed, however, to have another attorney (Filosa's law partner) review the will with the testator. The testator apparently understood its terms and the will was subsequently executed.

Filosa has been disciplined by Massachusetts, Rhode Island and Florida for that action. In each state, it is a violation of the rules of professional conduct to draft a testamentary instrument for a non-relative which leaves the attorney a bequest. After a substantial investigation, the Massachusetts Board of Bar Overseers disciplined Filosa with a public reprimand on October 10, 2008. Upon notice of the Massachusetts punishment, on January 16, 2009, Rhode Island entered an identical public censure without objection from Filosa. Florida, however, suspended Filosa for ninety days from July 6 to October 4, 2009. That decision was apparently based on controlling Florida case law. *See The Florida Bar v. Anderson,* 638 So.2d 29 (Fla.1994). Filosa cooperated in all three states.

Filosa notified this Court of all three disciplinary actions pursuant to Local Rule 83.6(2)(A). Under the same Rule, on September 2, 2009, this Court ordered Filosa to show cause why discipline identical to that of Florida would be unwarranted. Filosa responded on September 27, 2009 and waived any right to a hearing.

Filosa contends that instead of the ninety-day suspension imposed by Florida, this Court should impose the discipline handed down by Massachusetts and Rhode Island. He correctly does not dispute this Court's authority to impose a suspension under the Local Rules. *See Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957) (noting a federal court's discretion and autonomous authority to control its members). Rather, he argues that because this Court

> looks to Massachusetts for its guidelines to determine ethical and unethical conduct, [it] should also look to Massachusetts where investigation of the case occurred and should impose the same discipline.

Filosa's response is persuasive. To be sure, pursuant to Local Rules, this Court has the authority to impose a discipline identical to that of any state, including Florida. The Rules, however, contain exceptions if, after a showing of cause,

> the imposition of the same discipline by this court would result in grave injustice or ... the misconduct established is deemed ... to warrant substantially different discipline.

Local Rule 83.6(2)(D)(iii) & (iv). Under that provision, the Court may disregard the suspension imposed by Florida and impose the discipline entered into by Massachusetts or any discipline "it deems appropriate". Because Filosa was apparently investigated for an extensive period by the Massachusetts Board of Bar Overseers before its decision and because this Court sits in Massachusetts, it will impose the same discipline as did Massachusetts, namely a public reprimand.

### ORDER

In accordance with the foregoing, Respondent Attorney Philip Filosa is hereby publicly reprimanded but no further discipline shall be imposed.

**So ordered.**