633 So.2d 7 (1994)
THE FLORIDA BAR, Complainant,
v.
Edward B. ROOD, Respondent.
No. 80392.
Supreme Court of Florida.
January 20, 1994.
Rehearing Denied March 16, 1994.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, Joseph A. Corsmeier and Bonnie L. Mahon, Asst. Staff Counsels, Tampa, for complainant.
E.B. Rood, pro se.
PER CURIAM.
Edward B. Rood petitions for review of a referee's report recommending that he be disbarred. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We hereby suspend Rood from the practice of law for one year to run consecutive to his current two-year suspension.
Count one involves the Bar's allegations that Rood failed to put a fee agreement in writing and failed to give his clients a proper closing statement. In April 1981, Mr. Hillery Thrower and Mr. Aaron Long consulted Rood about a medical malpractice claim on behalf of Thrower's natural daughter and Long's stepdaughter, Sheila Thrower. Mrs. Cora Long, Sheila's natural mother, did not attend the initial office consultation. Rood *8 advised Thrower and Long that if a viable malpractice case existed, he would enter into a contingency fee agreement in which he would receive thirty-three and one-third percent of any recovery without suit, forty percent after a suit was filed, and fifty percent if an appeal were taken. Rood's paralegal testified that Thrower and Long signed a fee agreement and that the agreement was placed in the file. The clients, however, testified that they did not sign a fee agreement. Although the agreement could not be produced for the referee's or this Court's inspection, it is undisputed that neither Rood nor the attorney to whom Rood ultimately assigned the case, David Webster, ever signed the agreement.[1]
In October 1984, the jury returned a verdict of $1,286,000 for the medical malpractice action on behalf of Sheila Thrower. Shortly thereafter, the defendants in the medical malpractice action filed a motion for new trial. Webster retained Bruce Walkley, an appellate attorney, to assist the firm with research related to the case. The court awarded Thrower and Long an attorney's fee of $255,000, which included a $5,000 attorney's fee for Walkley.
In December 1984, the defendants in the medical malpractice action filed a notice of appeal and subsequently, Rood took the case over from Webster.[2] The case settled in April 1985 for $1,350,000. Rood's rationale for accepting the settlement amount was his belief that the $255,000 attorney's fee award would probably not be held valid. Therefore, he agreed to settle the case for $1,250,000, plus an additional $120,000 that he calculated for eight months interest on the $1,250,000 verdict amount.[3] Mr. Thrower's closing statement was not signed by Rood or by the client. The statement also included $13,234.32 in costs that were not itemized and that Thrower had not agreed to pay. Similarly, neither Mrs. Long's closing statement nor the estate's statement was signed by Rood or any attorney in his firm.
Mrs. Long and Mr. Thrower sued Rood, seeking the return of an additional ten percent fee that Rood charged for the appeal of the medical malpractice case. The clients believed that they should not be charged for work on an appeal that was not pursued. The jury awarded Mrs. Long a judgment against Rood for $79,515, plus prejudgment interest. Mr. Thrower was awarded a judgment against Rood for $54,945, plus prejudgment interest. The Second District Court of Appeal affirmed the jury verdict and denied Rood's motion for rehearing.
The referee found that Rood's failure to put the fee agreement in writing in the medical malpractice case was due to Webster's negligence. Thus, the referee recommends that Rood be found not guilty of violating the rule of professional conduct that requires fee agreements to be in writing.[4] The referee found that Rood was responsible for the medical malpractice case from December 21, 1984, the date the appeal was filed, until the case was closed. In addition, the referee found clear and convincing evidence that Rood failed to provide his clients with a proper closing statement, including a breakdown of costs, and that he was not authorized to charge Mr. Thrower the total amount of the costs. Therefore, the referee recommends that Rood be found guilty of violating rule 4-1.5 of the Rules Regulating The Florida Bar, formerly Disciplinary Rule 2-106(E).
With respect to the Bar's allegation that Rood charged an excessive fee, the referee found that Rood's ten percent fee for the appeal, which equalled $134,500, was excessive. For that reason, the referee recommends that Rood be found guilty of violating rule 4-1.5. Because there was not sufficient proof to show that Rood forged Mrs. Long's signature on the fee agreement, the referee *9 recommends that Rood be found not guilty of the Bar's allegations on that issue.
As aggravating factors, the referee found a dishonest or selfish motive; a pattern of misconduct; multiple offenses in the same case; refusal to acknowledge wrongful nature of conduct; vulnerability of victims; and, substantial experience in the practice of law. We also note that since the referee's report was submitted, Rood has been involved in a separate disciplinary proceeding that resulted in a two-year suspension from the practice of law.[5]
In count two, the Bar alleged that Rood intentionally allowed a letter of credit to expire, made a false promise to pay a judgment, and was held in willful contempt of court in violation of rule 4-8.4 of the Rules Regulating The Florida Bar. We accept the referee's findings of fact and recommendations of guilt on both counts, but we disagree with his recommendation that Rood be disbarred. The nature of the charges against Rood and what he did do not reflect an unfitness to practice law, and thus we do not find that disbarment is warranted.
We agree with the Bar and the referee that the rules of professional conduct require lawyers to abide by specific standards regarding fees for legal services. These standards were created, in part, to ensure that: 1) the public is informed about the fees for which they will be financially obligated; 2) disputes regarding fees are minimized; and, 3) lawyers are paid in proportion to the services they render. By failing to provide the clients with a written fee agreement and failing to itemize the costs in the closing statement, Rood violated the professional standards set forth in rule 4-1.5. Rood argues that when he was representing Mr. Thrower and Mrs. Long in their appellate case, the law entitled him to collect a ten percent fee regardless of the amount of work he did on the appeal. Former Disciplinary Rule 2-106, also in effect at the time Rood assisted in the appeal, prohibited a lawyer from collecting a clearly excessive fee. We are persuaded by the referee's findings that Rood's fee was excessive in light of the fact that the appeal never proceeded past the notice of filing.
As to count two, a lawyer should never mislead the court on a proposed course of action or fail to keep a promise made to the court. There is evidence that Rood did both, even though he may not have intended to do so.
For the above reasons, Edward B. Rood is suspended for one year, to run consecutive to his current two-year suspension. Judgment for costs shall be entered against Rood in an amount to be established in a separate order by this Court.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The referee found that Mrs. Long's signature was forged on the fee agreement, but it was not proven that Rood committed the forgery.
[2] The referee found that Rood worked diligently on settling the case, but did very little work on the appeal.
[3] The trial court altered the judgment to reduce the estate's award by $4,586.13 because of collateral source payments.
[4] R. Regulating Fla. Bar 4-1.5(f)(2). The referee also noted that the issue of the written fee agreements did not surface until Mrs. Long and Mr. Thrower sued Rood in 1987.
[5] The Fla. Bar v. Rood, 622 So.2d 974 (Fla. 1993).