648 So.2d 709 (1995)
THE FLORIDA BAR, Complainant,
v.
Phillip H. TAYLOR, Respondent.
Nos. 81379, 81903.
Supreme Court of Florida.
January 5, 1995.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for complainant.
G. Michael Keenan of G. Michael Keenan, P.A., West Palm Beach, for respondent.
PER CURIAM.
The Florida Bar petitions for review of the referee's findings in this disciplinary case regarding Phillip H. Taylor's failure to pay child support. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee's findings and recommendation that no disciplinary action be taken by this Court in this cause. *710 This approval, however, is without prejudice as to further proceedings regarding the failure to pay child support under the principles set forth in this opinion or under the new disciplinary rule proposed in In re Rules Regulating The Florida Bar  Willful Nonpayment of Child Support, No. 84,390 (Fla. Nov. 3, 1994), should that rule be adopted.
The facts of this case are as follows.[1] Taylor was divorced in 1972 in New Hampshire and was ordered to pay child support for his two minor children. After the divorce, he became a successful medical doctor. Due to drug and alcohol addictions, however, he eventually lost everything, including his medical license. Thereafter, he began treatment for his addictions and entered and completed law school. After passing the Florida Bar exam, he was admitted to the Bar on probationary status in 1989 and was hired by a large personal injury law firm.
Over the years, Taylor had also become increasingly delinquent in his child support. When Taylor was seeking admission to the Bar, he disclosed his child support problems and, although he was admitted to the Bar on a probationary status, payment of the delinquent child support was not a part of the conditions imposed under the probation.
In March 1991, Taylor's ex-wife filed a petition in New Hampshire seeking to have Taylor held in contempt for failure to pay child support. The New Hampshire court issued an order of contempt, finding that Taylor owed $37,850 in back child support and that, at times, Taylor had the ability to pay this support and without just cause failed to do so. That order was still in effect at the time of the hearing before the referee in this cause. The Bar charged Taylor with violating Rule Regulating The Florida Bar 3-4.3 (committing an act that is unlawful or contrary to honesty and justice) and rules 4-8.4(a) and (d) (engaging in conduct prejudicial to the administration of justice).
The referee recommended that Taylor be found not guilty, finding that this matter was more like a private civil matter between Taylor and his ex-wife than a matter subject to discipline. Additionally, the referee noted that Taylor's situation has not had an adverse impact on his ability to practice law, nor does it involve dishonesty, moral turpitude, immorality, deceit, or breach of trust. Because Taylor owed the child support before being admitted to the Bar, the referee was also concerned that the imposition of sanctions would implicate ex post facto considerations.
The Bar contends that the referee's legal conclusions are erroneous because Taylor was held in contempt of court, which is distinct from a "civil matter" not subject to discipline. The Bar notes that this Court has disciplined other attorneys who have been held in contempt of court, and, consequently, asserts that Taylor's contempt for failing to pay child support should likewise subject him to discipline. The Bar cites The Florida Bar v. Langston, 540 So.2d 118 (Fla. 1989), for the proposition that this Court has already disciplined an attorney for failure to pay child support.
Notably, this Court will not hesitate to discipline attorneys, under Rule Regulating The Florida Bar 4-8.4 (obstruction of justice), who are held in criminal contempt of court or who have clearly committed a dishonest or fraudulent act. See, e.g., The Fla. Bar v. Rood, 633 So.2d 7 (Fla. 1994); Langston; The Fla. Bar v. Attias, 513 So.2d 1055 (Fla. 1987); The Fla. Bar v. Gifford, 478 So.2d 46 (Fla. 1985). What distinguishes these cases from the instant case, however, is that the contempt at issue in all but Langston was criminal contempt, while the contempt at issue in the present case is civil contempt.[2] Moreover, although the attorney *711 being disciplined in Langston had failed to pay child support, the uncontroverted evidence in that case reflected that the attorney had also engaged in a "calculated scheme to defraud his wife of alimony and to prevent the equitable distribution of [the marital] property." 540 So.2d at 120. In addition, he testified falsely before the trial court. Consequently, although there was no direct finding of criminal contempt in Langston, there was a specific finding of fraudulent and dishonest conduct.
While we do not condone Taylor's conduct, we find that our present disciplinary rules do not grant us the authority to discipline an attorney for the failure to meet a civil obligation such as child support absent a finding of fraudulent or dishonest conduct. Because the record in this case contains no finding of fraudulent or dishonest conduct, we must approve the findings and recommendations of the referee.
We emphasize that, in some instances, the refusal to pay child support could subject an attorney to discipline, even without a change in the rules. For example, in some cases, the level of misconduct on the part of an attorney in refusing to pay child support might rise to the level of criminal contempt. See, e.g., Bowen (proof beyond a reasonable doubt of continual and willful refusal to pay child support may constitute criminal contempt). We need not reach that issue here, however, given that the facts of this case do not rise to that level.
The legislature has acknowledged a need for discipline regarding this issue as it relates to other professions. In section 61.13015, Florida Statutes (1993), the legislature provided for the suspension or denial of a professional license due to delinquent child support payments after all other available remedies for the collection of child support have been exhausted. In fact, in the preamble to chapter 93-208, section 2, Laws of Florida, the legislature has asked this Court to adopt an amendment to the disciplinary rules to provide for sanctions for attorneys similar to those contained in section 61.13015. In doing so, the legislature has recognized that the current Bar disciplinary rules are insufficient to discipline an attorney for the failure to pay child support. To maintain consistency between the treatment of attorneys who fail to pay child support and the treatment of other professionals who likewise fail to pay child support, we have addressed the legislature's request by initiating a proposed new rule to address this issue in In re Rules Regulating The Florida Bar  Willful Nonpayment of Child Support, No. 84,390 (Fla. Nov. 3, 1994). In that case, we promulgated a proposed new disciplinary rule that makes the willful failure to pay child support a disciplinary offense.
Accordingly, we approve the referee's findings and recommendation that no disciplinary action be taken by this Court against Phillip H. Taylor.
It is so ordered.
OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, C.J., dissents with an opinion.
WELLS and ANSTEAD, JJ., recused.
GRIMES, Chief Justice, dissenting.
I would impose a public reprimand because as I read the order of the New Hampshire court, Taylor was found guilty of criminal contempt.
NOTES
[1] In case No. 81,379, Taylor was charged by the Bar with making false statements to a tribunal in a civil matter between Taylor and the law firm at which he was previously employed. The referee recommended that Taylor be found not guilty, finding that there was either no conflict in the testimony or that Taylor's testimony was accurate. The Bar has chosen not to contest the referee's recommendation in this case.
[2] Criminal contempt involves conduct that is calculated to embarrass, hinder, or obstruct the administration of justice and is used to vindicate the authority of a court and to punish the offending participant. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); Johnson v. State, 584 So.2d 95 (Fla. 1st DCA 1991). Civil contempt, on the other hand, is used to coerce an offending party into complying with a court order rather than to punish the offending party for a failure to comply with a court order. Johnson v. Bednar, 573 So.2d 822 (Fla. 1991); Bowen. Contempt for failing to pay child support ordinarily is considered to be civil contempt. Bowen (payment of child support is enforceable through civil contempt proceedings; only when a defaulting party's conduct is such that it warrants punishment because of continual and willful neglect or divestment of assets does the contempt become criminal); Lamm v. Chapman, 413 So.2d 749 (Fla. 1982) (the remedy for enforcing child support payments is through civil contempt proceedings).