707 So.2d 711 (1998)
THE FLORIDA BAR, Complainant,
v.
Joseph M. GERSTEN, Respondent.
No. 87248.
Supreme Court of Florida.
March 5, 1998.
*712 John F. Harkness, Jr., Executive Director, and John A. Boggs, Staff Counsel, Tallahassee, and Billy J. Hendrix, Bar Counsel, Miami, for Complainant.
Maria Del Carmen Calzon and Gonzalo Alberto Gayoso of Calzon, Gayoso & Gersten, P.A., Miami, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Joseph M. Gersten. We have jurisdiction. Art. V, § 15, Fla. Const.
The state attorney subpoenaed Gersten to give a sworn statement as part of her investigation relating to an automobile of Gersten's that was reported stolen. Gersten was granted use immunity, but refused to testify. Judge Amy Dean entered an order holding Gersten in civil contempt for failing to answer questions posed by the state attorney and ordered answered by Judge Dean. Gersten appealed the order but by the fall of 1995 all appeals had been exhausted and the order had been upheld in all respects. Because he continued to refuse to testify, Judge Joel Brown ordered that Gersten be jailed. Rather than report to jail, Gersten departed from Florida and is now living in Australia. The parties stipulated that Gersten has not complied with the order of contempt.
The referee concluded that Gersten had violated Rule Regulating The Florida Bar 4-3.4(c), which reads as follows:
A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.
The referee reasoned that rule 4-3.4(c) should be read in pari materia with rule 7-106(A) of the former Code of Professional Responsibility, which states as follows:
A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal made in the course of a proceeding, but he may take appropriate steps in good faith to test the validity of such rule or ruling.
Thus, the referee determined that the exception in rule 4-3.4(c) "for an open refusal based on an assertion that no valid obligation exists," like former rule 7-106(A), requires the attorney to be (1) acting in good faith and (2) seeking redress in an appellate court. The referee concluded that once there were no further appeals seeking to overturn the validity of the court order, Gersten was under an absolute obligation to comply with Judge Dean's order. The referee recommended that Gersten be suspended from the practice of law until he complies with the court order, and that he be suspended from the practice of law for a period of one year after complying with the order.
*713 Gersten argues that the referee's findings and conclusions are not supported by competent and substantial evidence. Essentially, he contends that despite the exhaustion of all appeals, he is justified in continuing to refuse to obey the court order based upon his assertion that "no valid obligation exists." He claims that he was denied his right to conduct discovery in order to develop proof that he was not obligated to testify because the state attorney's office was acting illegally, was conducting the investigation in bad faith to harm his political future, and was acting to deny Gersten his constitutional rights. We cannot accept Gersten's contentions. Under Gersten's position, a lawyer who challenges a court order would now be able to avoid disciplinary action under rule 4-3.4 indefinitely by asserting a subjective belief that no valid obligation exists. Such a result invites disrespect for the judicial system. As we explained in Florida Bar v. Rubin, 549 So.2d 1000, 1003 (Fla. 1989):
An attorney is not permitted to ignore and refuse to follow a court order based upon his personal belief in the invalidity of that order. To countenance that course is to court pandemonium and a breakdown of the judicial system.
We conclude that the referee properly precluded Gersten from pursuing discovery for the purpose of going behind the order of contempt.[1] We find competent and substantial evidence to support the recommendation of guilt.
The final issue this Court must address is the appropriate discipline. While a referee's recommendation for discipline is persuasive, this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Reed, 644 So.2d 1355, 1357 (Fla.1994). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994).
Gersten argues that the referee's recommended sanctions are erroneous as a matter of law in that the indefinite nature of the sanction violates the provisions of the "Rules Governing the Florida Bar." Contrary to Gersten's assertion, rule 3-5.1(e) specifically authorizes a definite period of suspension "or an indefinite period thereafter to be determined by the conditions imposed by the judgment." R. Regulating Fla. Bar 3-5.1(e) (emphasis added).
Gersten further argues that the disciplinary rules do not grant courts the authority to discipline an attorney for the failure to meet a civil obligation absent a finding of fraudulent or dishonest conduct. In support of his contention, Gersten cites to Florida Bar v. Taylor, 648 So.2d 709, 711 (Fla.1995), in which we upheld a referee's conclusion that an attorney in civil contempt for failing to pay child support should not be disciplined for something that was akin to a "private matter." However, unlike the lawyer in Taylor, Gersten's refusal to comply with the court order directly interfered with the state attorney's criminal investigation.
It is undisputed that Gersten steadfastly has refused to comply with the March 18, 1993, court order. The referee considered Gersten's refusal to acknowledge the wrongful nature of his conduct as an aggravating factor. See Fla. Stds. Imposing Law. Sancs. 9.22(g). On the other hand, the referee considered the absence of a prior disciplinary record and Gersten's character or reputation as mitigating factors. See Fla. Stds. Imposing Law. Sancs. 9.32(a). The referee also considered as a mitigating factor Gersten's public service for the past twenty-one years.
Gersten points to prior decisions of this Court involving disobedience of court orders in which we imposed lesser suspensions. See Florida Bar v. Tobin, 674 So.2d 127, 129 (Fla.1996) (suspending lawyer for forty-five days where he failed to return funds to court registry pursuant to court order); Florida Bar v. Langston, 540 So.2d 118, 121 (Fla. 1989) (suspending attorney for ninety-one *714 days where attorney in personal divorce proceeding failed to timely comply with court order to transfer interests in property). However, in these cases, the offending lawyer had complied with the court orders by the time of the hearing before the referee. Gersten continues to be in contempt of the court.
We approve the referee's recommended discipline. We hereby suspend Gersten from the practice of law until he complies with the prior order and for one year thereafter. The suspension will be effective immediately. Gersten shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $3,007.46 is hereby entered against Gersten, for which sum let execution issue.
It is so ordered.
OVERTON, HARDING, WELLS and PARIENTE, JJ., and GRIMES, Senior Justice, concur.
SHAW and ANSTEAD, JJ., recused.
NOTES
[1] We also reject Gersten's argument that the referee erred in refusing to disqualify bar counsel and denying the suggestion that the referee, himself, be disqualified.