PER CURIAM.
We have for review a referee’s report recommending that Respondent Bruce Edward Committe be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules) and suspended for ninety-one days.[1] In July 2013, the Court issued an order directing Committe to show cause why the referee’s recommended sanction should not be disapproved and a more severe sanction imposed. We have considered the responses filed by Committe and The Florida Bar. As discussed below, we approve the referee’s findings of fact, as well as the referee’s recommendation that Committe be found guilty of violating Bar Rules 4-3.4(g) and 4-8.4(d). However, we disapprove the referee’s recommendation that Committe be found not guilty of violating Bar Rules 4-3.1 and 4-3.4(c) and, instead, find him guilty of violating those rules. We also disapprove the referee’s recommended discipline. Given Committe’s serious ethical misconduct, and the aggravating factors, we conclude that a three-year suspension is the appropriate sanction.
FACTS
In March 2011, The Florida Bar filed a complaint against Respondent Committe, alleging that he engaged in misconduct in violation of four Bar Rules: 4-3.1 (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for *1113 doing so that is not frivolous); 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); 4-3.4(g) (a lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). A referee was appointed to consider the matter. Following a hearing, the referee submitted his report for the Court’s review, in which he makes the following findings and recommendations.
In December 2002, Committe filed a civil lawsuit on behalf of a client against the defendant. The complaint alleged two counts, one for malicious or tortious interference with a business relationship, and one for slander. Counsel for the defendant filed a motion for summary judgment. The circuit court held a hearing on the motion and, in June 2004, issued a “Final Summary Judgment” order in favor of the defendant. In relevant part, the circuit court held that there was no admissible evidence upon which a cause of action for either count alleged in Committe’s complaint could stand. The court further held that even if certain evidence would be admissible over a hearsay objection, there was nothing to indicate that any of the defendant’s statements were false or malicious. The circuit court reserved jurisdiction to rule on the defendant’s motion for attorney’s fees and costs. Committe did not appeal the Final Summary Judgment order at that time.
In October 2004, the circuit court held a hearing on the defendant’s motion for attorney’s fees. Following the hearing, on October 29, 2004, the court entered an Order on Defendant’s Motion for Attorney Fees and Costs. In the order, the court held that Committe and his client knew or should have known that the claims asserted in their complaint were not supported by the material facts; would not be supported by the application of then-existing law to those facts; and were frivolous. Accordingly, the circuit court awarded the defendant $13,000, to be paid in equal shares by Committe and his client.
Subsequently, in January 2005, the circuit court entered a “Final Judgment” in the civil case. Committe appealed the order to the First District Court of Appeal. In February 2007, the district court per curiam affirmed the circuit court’s ruling.
Following the appeal, the defendant, who was by then not represented by an attorney, sent Committe two letters, one in December 2007 and one in May 2008, seeking payment of the attorney’s fees and costs awarded to her in the circuit court’s October 2004 order. Several days after receiving her May 2008 letter, Committe wrote to the United States Attorney, accusing the defendant of attempting to extort money from him and requesting that she be criminally prosecuted.
Based on these facts, the referee recommends that Committe did not violate Bar Rule 4-3.1 (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous). The referee concluded that Committe’s complaint was not frivolous, that it alleged valid causes of action for malicious and tortious interference with a business relationship and slander, and that there were sufficient facts before the circuit court to support a prima facie case as to each claim. Thus, the referee stated, “it is the conclusion of this Referee that nothing in the record admitted as evidence in this matter supports a conclusion that the *1114 claim made by the Plaintiff lacked legal or factual merit.”
The referee next recommends that Com-mitte be found not guilty of violating Bar Rule 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists). The referee found that the Bar failed to demonstrate by clear and convincing evidence that Committe had the financial ability to pay his portion of the attorney’s fees ordered in the circuit court’s October 2004 order. Thus, the referee concluded that the Bar did not prove that Committe willfully failed to pay his share of attorney’s fees and costs associated with the underlying litigation.
Finally, the referee recommends that Committe be found guilty of violating Bar Rules 4-3.4(g) (a lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter) and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). Given the timing of Committe’s letter reporting the defendant to the United States Attorney for alleged extortion, the referee concluded that Committe’s sole purpose in writing the letter was to gain an advantage in the underlying civil proceeding by intimidating the defendant into deciding not to pursue her right to collect fees from him. The referee noted: “The fact that this Referee has concluded that the Order granting fees and costs was improvidently entered against the Respondent in the first place in no way ameliorates the seriousness of the Respondent’s violation of 4-3.4(g) and 4 — 8.4(d).”
The referee found six aggravating factors in this case: prior disciplinary history; a pattern of misconduct; multiple offenses; submission of false evidence or false statements during the disciplinary proceeding; vulnerability of the victim; and substantial experience in the practice of law. The referee did not find any mitigating factors. As to the sanction, the referee recommended that Committe be suspended from the practice of law for ninety-one days. The referee also awarded costs to the Bar in the amount of $8,934.35.
Committe has filed a petition for review of the referee’s report and recommendations, particularly the referee’s recommendation that he be found guilty of violating Bar Rules 4-3.4(g) and 4-8.4(d). The Bar has filed a cross-petition for review, challenging the referee’s recommendation that Committe be found not guilty of violating rales 4-3.1 and 4-3.4(c). On July 26, 2013, we issued an order directing Committe to show cause why the referee’s recommended sanction should not be disapproved and a more severe sanction, including a substantial suspension of up to three years or disbarment, be imposed. The order further directed Committe to address the appropriate sanction if the Court disapproved the referee’s recommendation that he be found not guilty of violating Bar Rules 4-3.1 and 4-3.4(c). Finally, the order provided that, on the Court’s own motion, Committe was suspended “pending further order of the Court.”
ANALYSIS
The Referee’s Recommendations as to Guilt
We first address the Bar’s argument urging the Court to . find Committe guilty of violating Bar Rules 4-3.1 and 4-3.4(c). In reviewing a referee’s recommendations as to guilt, the Court has stated that the referee’s factual findings must be sufficient under the applicable rules to support the recommendations as to guilt. *1115 See Fla. Bar v. Shoureas, 913 So.2d 554, 557-58 (Fla.2005).
Bar Rule 4-8.1 provides that a lawyer shall not “bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous.” The comment to the rule explains that an action is not considered frivolous even if the lawyer believes that the client’s position ultimately will not prevail; the action is frivolous, however, if the lawyer is unable to either make a good faith argument on the merits of the action or to support the action by a good faith argument for an extension, modification, or reversal of existing law. In this instance, the referee concluded that Committe’s complaint in the civil case stated valid causes of action for tortious interference with a business relationship and slander and, therefore, was not frivolous. However, we find that the referee’s recommendation in this regard is not supported by the factual findings. The circuit court presiding over Committe’s lawsuit held a hearing in the case and entered a Final Summary Judgment order holding that Committe’s claims for relief were not supported by any admissible evidence. The court further held that even if certain evidence were deemed admissible over a hearsay objection, there was nothing to support Committe’s claim that the defendant made false or malicious statements that cost Committe’s client his job. The circuit court later held a separate hearing to address the defendant’s motion for attorney’s fees. Following that hearing, the court entered an Order on Defendant’s Motion for Attorney Fees and Costs, expressly concluding that Committe’s complaint was frivolous and without merit. The First District Court of Appeal affirmed the circuit court’s rulings. Given such facts in the record, the referee’s recommendation that Committe’s complaint was not frivolous is not supported. Accordingly, we find Committe guilty of violating Bar Rule 4-3.1.
Similarly, we conclude that the referee’s recommendation that Committe be found not guilty of violating Bar Rule 4-3.4(c) is also not supported. Rule 4 — 3.4(c) provides that a lawyer shall not “knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.” The referee here found that the circuit court’s October 2004 order directed Committe and his client to pay the defendant $13,000 in attorney’s fees. It is not disputed that Committe has failed to pay his portion of the money owed. Nonetheless, the referee concluded that the Bar did not present clear and convincing evidence to show that Committe had the financial ability to comply with the judgment, and thus failed to prove that he “willfully” disobeyed a court order. We note that rule 4-3.4(c) only requires that the Bar prove that Committe “knowingly” disobeyed an order. The Rules of Professional Conduct provide that “ ‘[kjnowingly,’ ‘known,’ or ‘knows’ denotes actual knowledge of the fact in question.” See Preamble: A Lawyer’s Responsibilities, Rules of Professional Conduct Here, it is clear that Committe had knowledge of the circuit court’s October 2004 attorney fee order. Nonetheless, he has consistently refused to comply with the order. Although Committe states that he is unable to pay the judgment, his argument is inconsistent with his previous position on this issue — in his letter to the defendant, Committe maintained that, because the circuit court’s January 2005 Final Judgment did not reference the amount owed in attorney’s fees, the fee award was not enforceable. However, the Final Judgment expressly referenced and incorporated the court’s October 2004 order granting the defendant’s motion for attorney’s fees. Although Com- *1116 mitte certainly would have been entitled to assert his inability to pay the attorney’s fee judgment in an appropriate legal proceeding, he is not permitted to simply ignore the judgment. See Fla. Bar v. Gersten, 707 So.2d 711, 713 (Fla.1998) (“An attorney is not permitted to ignore and refuse to follow a court order based upon his personal belief in the invalidity of that order.”) (quoting Fla. Bar v. Rubin, 549 So.2d 1000, 1003 (Fla.1989)). We conclude that, because Committe was aware of the order directing him to pay attorney’s fees, and because he has consistently refused to comply with the order, we disapprove the referee’s recommendation and find Com-mitte guilty of violating Bar Rule 4-3.4(c).
Turning next to Committe’s arguments on review, Committe urges the Court to disapprove the referee’s recommendation that he be found guilty of violating Bar Rules 4-3.4(g) and 4-8.4(d). However, we approve the referee’s recommendation that Committe be found in violation of those rules.
Rule 4-3.4(g) provides that a lawyer shall not “present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.” Here, the referee found Committe guilty of violating rule 4-3.4(g) based on his letter reporting the defendant to the United States Attorney for alleged attempted extortion. Indeed, the referee found that the timing of Committe’s letter to the United States Attorney, within days of receiving the defendant’s letter seeking payment of the attorney’s fees, indicated that Committe’s sole purpose in writing the letters was to gain an advantage in the underlying civil proceeding by intimidating her into deciding not to pursue her rights to collect the fees. We agree. Although Committe cites several provisions of the United States Constitution and federal law in arguing that he was required to report the defendant’s “extortion” to federal authorities, and that his reporting is protected under the Petition Clause of the First Amendment, his reliance on these provisions is misplaced. Committe knew that the circuit court entered an order directing him to pay a portion of the defendant’s attorney’s fees, and that the judgment was affirmed on appeal. Thus, he reasonably should have known that the defendant’s May 2008 letter was simply an attempt to collect those fees. Because the defendant’s letter clearly was not a federal crime, Committe had no obligation to report her to the United States Attorney. Moreover, Committe’s filing a baseless allegation against the defendant is not protected by the First Amendment. See McDonald v. Smith, 472 U.S. 479, 484, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985) (noting that, “filing a complaint in court is a form of petitioning activity; but ‘baseless litigation is not immunized by the First Amendment right to petition.’ ”) (quoting Bill Johnson’s Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) (“Just as false statements are not immunized by the First Amendment right to freedom of speech ... baseless litigation is not immunized by the First Amendment right to petition.”)). Accordingly, based on these facts, we approve the referee’s recommendation that Committe be found guilty of violating Bar Rule 4-3.4(g).
Lastly, we also approve the referee’s recommendation that Committe be found guilty of violating rule 4-8.4(d). Committe’s filing of a frivolous and merit-less complaint, his failure to comply with a court order directing him to pay a portion of the defendant’s attorney’s fees, and his reporting the defendant to the United States Attorney in an effort to intimidate her, are clearly prejudicial to the administration of justice.
*1117 The Referee’s Recommended Sanction
We address next the referee’s recommended sanction, a ninety-one day suspension. In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
We agree with the referee’s recommendation in this case that Committe’s misconduct warrants at least a suspension. See Fla. Stds. Imposing Law. Sanes. 6.32 (“Suspension is appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding”); 7.2 (“Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system”); and 8.1 (“Disbarment is appropriate when a lawyer (a) intentionally violates the terms of a prior disciplinary order and such violation causes injury to a client, the public, the legal system, or the profession; or (b) has been suspended for the same or similar misconduct, and intentionally engages in further similar acts of misconduct”). However, considering the serious nature of his misconduct, together with the aggravating factors, we disapprove the referee’s recommendation that Committe be suspended for only ninety-one days. We find instead that the appropriate sanction for Committe’s misconduct is a three-year suspension from the practice of law.
Our prior decisions suggest that each of Committe’s ethical violations, standing alone, would warrant a rehabilitative suspension. See, e.g., Fla. Bar v. Gwynn, 94 So.3d 425 (Fla.2012) (suspending an attorney for ninety-one days for, among other things, filing numerous motions for sanctions against opposing counsel and other frivolous claims in bad faith, needlessly delaying the proceedings); Fla. Bar v. Hagendorf, 921 So.2d 611 (Fla.2006) (suspending an attorney for two years for filing a meritless quiet title action in a Nevada state court asserting meritless claims, misrepresenting facts to the Nevada state court, and filing frivolous litigation against the Nevada State Bar); Fla. Bar v. Gersten, 707 So.2d 711 (suspending an attorney until he complied with a prior contempt order, and for one year thereafter, due to the attorney’s failure to comply with a subpoena from the state attorney regarding an investigation into a car the attorney reported stolen).
In the ease presented here, Committe filed a frivolous and meritless lawsuit against the defendant, wasting both her time and resources and those of the court system. The circuit court dismissed the suit and ordered Committe to pay a portion of the defendant’s attorney’s fees and costs; however, Committe has refused to comply with the order for years. When the defendant attempted to collect the money she was owed, Committe reported her to the United States Attorney for alleged extortion. Considering these events together, it is clear that Committe’s misconduct is serious and egregious, and that it caused harm to both the defendant and *1118 the court system, warranting a severe sanction.
We have also considered the significant aggravating factors found by the referee: a disciplinary history; a pattern of misconduct; multiple offenses; submission of false evidence or statements during the disciplinary process; vulnerability of the victim; and substantial experience in the practice of law. We discuss the most serious of these aggravating factors here.
The referee found that Committe was previously suspended for ninety days in Florida Bar v. Committe, 916 So.2d 741 (Fla.2005). In the prior case, an attorney filed a debt collection suit against Committe, seeking to collect a money judgment. The attorney made several attempts to schedule Committe for a deposition. Id. at 743. Committe filed motions for protective orders based on the Fair Debt Collection Practices Act (FDCPA), alleging that the attorney was required to cease communicating with Committe under the Act. The court denied Committe’s claims, and ultimately held Committe in contempt of court based on his failure to comply with the discovery requests. Id. However, while the state litigation was ongoing, Com-mitte filed actions against the attorney in federal court, alleging the same violations of the FDCPA. The federal district court judge granted summary judgment in favor' of the attorney, noting that Committe’s claims were frivolous, that his intent was to harass the attorney, and that the cases were brought in bad faith. The judge also determined that sanctions were warranted, and ordered Committe to pay reasonable attorney’s fees and costs. Id. at 744. Based on these facts, the Court found Committe in violation of several Bar Rules, including three of the same rules at issue in this case: 4-3.1, 4-3.4(c), and 4-8.4(d). Id. The referee in the instant case noted that Committe’s prior misconduct, including harassing opposing counsel and abusing the legal system, was similar to his actions here. This Court has long held that “cumulative misconduct of a similar nature warrants an even more severe discipline than might dissimilar conduct.” Fla. Bar v. Patrick, 67 So.3d 1009, 1018 (Fla.2011) (quoting Fla. Bar v. Walkden, 950 So.2d 407, 410 (Fla.2007)).
Additionally, the referee found that Committe gave false testimony during the disciplinary hearing. Committe testified before the referee that he appealed the circuit court’s June 2004 Final Summary Judgment order; that the First District Court of Appeal issued an order to show cause why the appeal should not be dismissed; that Committe submitted the show cause order to the circuit court judge; and that the judge ultimately issued the January 2005 Final Judgment. The referee found that this testimony was false, in that a review of the district court’s docket reveals that no show cause order was ever issued. Rather, it is apparent that Committe failed to appeal the June 2004 Final Summary Judgment order. Under the guise of the alleged Show Cause Order from the district court, Committe was able to obtain a Final Judgment from the circuit court in January 2005, and thus another thirty days to file his appeal.
Committe’s conduct in this case, considered together with his disciplinary history, his false statements to the referee, and the other aggravating factors, clearly demonstrates that he is abusive of the legal process. We conclude that this type of serious misconduct and unethical behavior warrants a more severe sanction than that recommended by the referee. Accordingly, we disapprove the referee’s recommendation, and instead suspend Committe for three years.
*1119 CONCLUSION
Accordingly, Respondent Committe is hereby suspended from the practice of law for three years. The suspension shall be effective, nunc pro tunc, August 26, 2013, the date on which Committe’s suspension, imposed in this Court’s order of July 26, 2013, became effective. Because Com-mitte is currently suspended, it is not necessary to provide him with thirty days to close out his practice to protect the interests of existing clients. Committe shall fully comply with Rule Regulating the Florida Bar 3 — 5.1(h). Further, Committe shall accept no new business from the date this opinion is filed until he is reinstated by order of this Court.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Bruce Edward Committe in the amount of $8,934.35, for which sum let execution issue.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 15, Fla. Const.